ELECTRONICALLY FILED
Crawford County Circuit Court
Sharon Blount-Baker, Circuit Clerk
2019-Jun-25 15:43:22
17CV-19-402
C21D01 : 7 Pages

## IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS

### CIVIL DIVISION ___

**PATSY A. BURY**
**and KEVIN J. BURY**                                          **PLAINTIFFS**

**vs.**                    **CASE NO.** _____

**HARBOR FREIGHT TOOLS USA, INC.**
**d/b/a HARBOR FREIGHT TOOLS**                                **DEFENDANT**

### COMPLAINT

**COME NOW**, Patsy A. Bury and Kevin J. Bury, by and through their undersigned attorneys, and for their Complaint against the Defendant, state as follows:

### I. Parties

1.     Plaintiffs Patsy A. Bury ("Mrs. Bury") and Kevin J. Bury ("Mr. Bury"), at all times relevant to this Complaint, are and were residents and citizens of Mountainburg, Crawford County, Arkansas.  The Plaintiffs were married as husband and wife on or about July 22, 2005, in Colorado.

2.     On information and belief, Defendant Harbor Freight Tools USA, Inc., d/b/a Harbor Freight Tools, ("Harbor Freight") is the registered owner of trademark name "Haul-Master," and is a foreign for-profit corporation, incorporated under the laws of Delaware, with its foreign address listed as 3491 Mission Oaks Boulevard, Camarillo, DE, 93012.  On information and belief, the registered agent for service of process for Harbor Freight within the State of Arkansas is Corporate Creations Network, Inc., 609 S.W.8th Street #600, Bentonville, AR, 72712.  A copy of this Complaint is also being served upon the legal department for Harbor Freight at 26541 Agoura Road, Calabasas, CA, 91302 in order to put that entity on notice for all purposes of party-substitution or amendment pursuant to the Arkansas Rules of Civil Procedure.

Plaintiff's Complaint
Page 1 of 7



## II. Jurisdiction

3.    This lawsuit concerns injury sustained by Mrs. Bury at her place of residence located in Mountainburg, Crawford County, Arkansas.  Jurisdiction and venue are proper herein.

## III. Facts

4.    On or about July 6, 2016, Patsy Bury stepped onto an 18-inch Haul-Master Working Platform Step Stool (hereinafter the "Stepstool), at her residence located in Mountainburg, Crawford County, Arkansas.

5.    The Stepstool collapsed, causing Mrs. Bury to fall and sustain serious and permanent personal injury.

6.    On information and belief, the subject Stepstool was designed by Defendant.

7.    On information and belief, the subject Stepstool was manufactured by Defendant.

8.    On information and belief, the subject Stepstool was also assembled and tested by Defendant.

9.    On information and belief, the subject Stepstool was offered to the public, or otherwise supplied to Arkansas consumers, by Defendant.

10.    At the time of the incident, Mrs. Bury was using the Stepstool properly, within the timeframe for its anticipated life, in the manner and use intended and/or anticipated by Defendant, the manufacturer, supplier, and seller of said Stepstool.

11.    However, despite using the Stepstool properly, within the time frame allotted for its anticipated life, and as intended and/or anticipated by Defendant, Mrs. Bury sustained serious injuries when the Stepstool collapsed, causing her to fall from a height of approximately twelve-to-eighteen inches.

## IV. PRODUCTS LIABILITY - NEGLIGENCE AS MANUFACTURER

12.   Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested the Stepstool.

13.   As detailed herein, the Stepstool contains and/or Defendant has committed either design, manufacturing, marketing, assembling, and/or testing defects.

14.   Defendant either knew or should have known of at least one safer alternative design which would have prevented the serious injuries to the Plaintiff.

15.   In addition to the foregoing, Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested the Stepstool in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the Stepstool was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

     a.   The Stepstool is in a defective condition because the type of material used renders the Stepstool unsafe for reasonably foreseeable use and consumption;

     b.   The Stepstool is in a defective condition because the design of the Stepstool renders the Stepstool unsafe for reasonably foreseeable use and consumption;

     c.   The Stepstool is in a defective condition because a manufacturing defect in the Stepstool renders the Stepstool unsafe for reasonably foreseeable use and consumption; and

     d.   The defective condition was the producing, direct and proximate cause of the accident, injuries and damages.

16.   Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the Stepstool in question.

17.   In designing a Stepstool, efforts should be made by manufacturers to identify potential risks, hazards, and/or dangers that can lead to serious injury or death.

18.   Once potential risks, hazards, and/or dangers are identified, then the potential risks, hazards, or dangers should be eliminated if possible.

19.   If the potential risks, hazards, and/or dangers can't be eliminated, then they should be guarded against.

20.   If the potential risks, hazards, and/or dangers can't be eliminated or guarded against, they should at least be warned about.

21.   A company that does not conduct a proper engineering analysis that would help it to identify potential risks, hazards, and/or dangers that could seriously injure someone is negligent.

22.   Defendant is currently in exclusive possession and control of all the technical materials and other documents regarding the design, manufacture, and testing of the Stepstool in question. Defendant is also in possession of what, if any, engineering analysis it performed.

23.   However, it is expected that after all of these materials are produced in discovery and/or after Defendant's employees and corporate representatives have been deposed, additional allegations may come to light.

24.   The foregoing acts and/or omissions of Defendant were the producing, direct, and/or proximate cause of Mrs. Bury's serious injuries and the Plaintiffs' damages.

## V. PRODUCTS LIABILITY - NEGLIGENCE AS SUPPLIER/SELLER

25. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), marketed, sold, supplied, and/or otherwise offered the Stepstool for sale to consumers in a unreasonably defective condition, rendering it unsafe and dangerous to the purchaser, user, and/or consumer.

26. The foregoing acts and/or omissions of Defendant were the producing, direct, and/or proximate cause of Mrs. Bury's serious injuries and the Plaintiffs' damages.

## VI. PRODUCTS LIABILITY - NEGLIGENCE AS TRADEMARK OWNER

27. On information and belief, Defendant is the original and sole owner of the trademark, Haul-Master.

28. On information and belief, Haul-Master designed, manufactured, supplied, sold, tested, or otherwise offered to the public the Stepstool in question in an unreasonably dangerous condition, rendering it dangerous unsafe to the consumer and/or user.

29. Based on agency principles, Defendant, as owner of the trademark, is directly and/or vicariously liable for all negligent acts and/or omissions of Haul-Master and its employees and/or agents.

## VII.   BREACH OF WARRANTIES - UCC ARTICLE 2

30. A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.   UCC Article 2-318.

31. On information and belief, Mrs. Bury either purchased herself, or was in the family or household of the buyer; it was reasonable to expect that Mrs. Bury would use, consume, or be affected by the defective condition of the Stepstool.

32. On information and belief, Defendant breached one or more of the following warranties, express and/or implied:

    a.   warranty of conformance to the promise or description of the Stepstool;

    b.   warranty of merchantability;

c.   warranty of fitness for a particular purpose; and/or

d.   any other warranty express or implied under contract or common law.

## VIII. Damages to Mrs. Bury

33.   As a result of the acts and/or omissions of Defendant, Mrs. Bury has endured pain and suffering, impairment, and disfigurement, interference with her daily activities, inconvenience and a reduced capacity to enjoy life as a result of her injuries.

34.   As a result of the acts and/or omissions of Defendants, Plaintiff Mrs. Bury has become obligated to pay extensive medical expenses as a result of her injuries.

35.   As a result of the acts and/or omissions of Defendant, Plaintiff has suffered lost wages in the past and in all likelihood will into the future as a result of her injuries, and will suffer the loss of future earning capacity.

36.   The above and foregoing acts and/or omissions of the Defendant, resulting in serious injuries to Mrs. Bury, has caused actual damages to Plaintiff in an amount within the minimum jurisdictional limits of this Court.

## IX. Loss of Consortium - Mr. Bury

37. At the time of the incident described in this Complaint, the Plaintiffs were married and continue to be married.

38. As a result of the acts and/or omissions of Defendant, Mr. Bury has suffered a loss of his wife's consortium, society, affection, assistance, and conjugal fellowship, all to the detriment of the marital relationship.

39. All injuries and damages related to this loss of consortium were caused solely and proximately by the Defendant.

## X. Prayer

40.   **WHEREFORE,** Plaintiffs pray that Defendant be cited to appear and answer, and that

upon a final trial of this cause, Plaintiffs recover judgment against Defendant for:

        a.    actual damages;

        b.    prejudgment and post-judgment interest;

        c.    costs of suit;

        d.    attorney's fees as allowed by Arkansas law; and

        e.    all other relief, general and special, to which Plaintiffs are entitled to at
           law and/or in equity, and/or which the Court deems proper.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

**Sexton & Sanders Law Firm**

A. Powell Sanders, #97015
Jacqueline Cronkhite, #2011180
D. Trey Hopkins, #2017054
17 No. 6th Street
Fort Smith, AR 72901
(479) 782-3434 - Phone
(479) 782-0092 - Fax

**Attorneys for Plaintiff**

THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS
CIVIL DIVISION

PATSY A. BURY and KEVIN J. BURY                                    Plaintiffs

v.                                              No. _____
HARBOR FREIGHT TOOLS USA, INC.
d/b/a HARBOR FREIGHT GOOLS                                          Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**HARBOR FREIGHT TOOLS USA, INC.**
**3491 Mission Oaks Boulevard**
**Camarillo, DE   93012**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose

name and address are:

A. Powell Sanders, Jacqueline Cronkhite, D. Trey Hopkins, III
17 No. 6th Street, Fort Smith, AR 72901 (Phone: 479-782-3434

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:**

_____

_____

_____


Address of Clerk's Office

Crawford County Circuit Clerk
317 Main Street
Van Buren, AR 72956

SHARON BLOUNT-BAKER
CLERK OF THE COURT


_____
[Signature of clerk or Deputy Clerk]

Date: _____


[SEAL]

No._____This summons is for:   Harbor Freight Tools USA, Inc.

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to

the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on

_____ [date] I left the summons and complaint in the close proximity of

the defendant by _____ [describe how the

summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On_____[date] I left the summons and complaint with

_____ , a member of the defendant's family at least 18 years of age, at

_____[address], a place where the defendant resides; or

☐ On_____[date] I delivered the summons and complaint to

[name of individual]. an agent authorized by appointment or by law to receive service of

summons on behalf of _____[name of defendant]; or

☐ On _____[date] at [address],

where the defendant maintains an office or other fixed location for the conduct of

business, during normal working hours I left the summons and complaint with

_____ [name and job description]; or

☐     I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐     I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by fint-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____
_____
_____
_____
_____
_____
_____


My fee is $_____.



Arkansas Judiciary

**Case Title:**     PATSY BURY ETVIR V HARBOR FREIGHT TOOLS
                    USA

**Case Number:**    17CV-19-402

**Type:**           SUMMONS - FILER PREPARED

So Ordered

KRISTEN EDWARDS

Electronically signed by KDEDWARDS on 2019-06-25 16:04:18     page 5 of 5

THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS
CIVIL DIVISION

PATSY A. BURY and KEVIN J. BURY                                    **Plaintiffs**

v.                                              No. _____
HARBOR FREIGHT TOOLS USA, INC.
d/b/a HARBOR FREIGHT GOOLS                                          **Defendant**

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Corporate Creations Network, Inc.**
*Registered Agent for Harbor Freight Tools USA, Inc.*
**609 S.W. 8th Street, #600**
**Bentonville, AR 72712**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose

name and address are:

A. Powell Sanders, Jacqueline Cronkhite, D. Trey Hopkins, III
17 No. 6th Street, Fort Smith, AR 72901 (Phone: 479-782-3434

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:**

_____

_____

_____

Address of Clerk's Office                    SHARON BLOUNT-BAKER
                                             CLERK OF THE COURT

Crawford County Circuit Clerk
317 Main Street
Van Buren, AR 72956

                                             _____
                                             [Signature of clerk or Deputy Clerk]

                                             Date: _____

[SEAL]

No._____This summons is for:   Corporate Creations Network, Inc., *Registered Agent for Harbor Freight Tools USA, Inc.*

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to

the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on

_____ [date] I left the summons and complaint in the close proximity of

the defendant by _____ [describe how the

summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____[date] I left the summons and complaint with

_____, a member of the defendant's family at least 18 years of age, at

_____[address], a place where the defendant resides; or

☐ On_____[date] I delivered the summons and complaint to

[name of individual], an agent authorized by appointment or by law to receive service of

summons on behalf of _____[name of defendant]; or

☐ On_____[date] at [address],

where the defendant maintains an office or other fixed location for the conduct of

business, during normal working hours I left the summons and complaint with

_____ [name and job description]; or

☐      I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐      I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by fint-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____
_____
_____
_____
_____
_____
_____


My fee is $_____.



Arkansas Judiciary

**Case Title:** PATSY BURY ETVIR V HARBOR FREIGHT TOOLS USA
**Case Number:** 17CV-19-402

**Type:** SUMMONS - FILER PREPARED

So Ordered

Kristen Edwards

KRISTEN EDWARDS

Electronically signed by KDEDWARDS on 2019-06-25 16:04:28    page 5 of 5

THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS
CIVIL DIVISION

PATSY A. BURY and KEVIN J. BURY                                    Plaintiffs

v.                                              No. _____

HARBOR FREIGHT TOOLS USA, INC.
d/b/a HARBOR FREIGHT GOOLS                                          Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Harbor Freight Tools USA, Inc.**
**ATTN:   Legal Department**
**26541 Agoura Road**
**Calabasas, CA   91302**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose

name and address are:

A. Powell Sanders, Jacqueline Cronkhite, D. Trey Hopkins, III
17 No. 6th Street, Fort Smith, AR 72901 (Phone: 479-782-3434

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:**

_____

_____

_____

Address of Clerk's Office                    SHARON BLOUNT-BAKER
                                             CLERK OF THE COURT
Crawford County Circuit Clerk
317 Main Street
Van Buren, AR 72956

                                             _____
                                             [Signature of clerk or Deputy Clerk]

                                             Date: _____

[SEAL]

No. _____ This summons is for:   Harbor Freight Tools USA, Inc., ATTN: Legal Department.

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to

the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on

_____ [date] I left the summons and complaint in the close proximity of

the defendant by _____ [describe how the

summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____[date] I left the summons and complaint with

_____, a member of the defendant's family at least 18 years of age, at

_____[address], a place where the defendant resides; or

☐ On_____[date] I delivered the summons and complaint to

[name of individual], an agent authorized by appointment or by law to receive service of

summons on behalf of _____[name of defendant]; or

☐ On_____[date] at [address],

where the defendant maintains an office or other fixed location for the conduct of

business, during normal working hours I left the summons and complaint with

_____ [name and job description]; or

☐      I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐      I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by fint-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

_____
_____
_____
_____
_____
_____
_____

My fee is $_____.



Arkansas Judiciary

**Case Title:**      PATSY BURY ETVIR V HARBOR FREIGHT TOOLS
                     USA

**Case Number:**     17CV-19-402

**Type:**            SUMMONS - FILER PREPARED

So Ordered

Kristen Edwards

KRISTEN EDWARDS

Electronically signed by KDEDWARDS on 2019-06-25 16:04:38     page 5 of 5