UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PATSY A. BURY and
KEVIN BURY                                                                                           PLAINTIFFS

v.                                              No. 2:19-CV-02127

HARBOR FREIGHT TOOLS USA, INC.                                                    DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Harbor Freight Tools, USA, Inc.'s ("Harbor Freight") motion (Doc. 51) to strike expert report and exclude the testimony of Plaintiffs' expert, Victor Holloman. Harbor Freight also filed a brief in support (Doc. 51-1). Plaintiffs Patsy A. Bury and Kevin Bury filed a response in opposition (Doc. 54), to which Harbor Freight filed a reply (Doc. 61) with leave of Court. Harbor Freight also filed a motion (Doc. 52) for summary judgment, brief in support (Doc. 53), and a statement of facts (Doc. 52-1). Plaintiffs filed a response[1] (Doc. 56), brief in opposition (Doc. 57), and statement of facts (Doc. 58). Harbor Freight filed a reply, (Doc. 62) and Plaintiffs, with leave of Court, filed a sur-reply (Doc. 65). For the reasons set forth below, the motions will be GRANTED.

**I. Background**

This action arises from Ms. Bury's fall off a Haulmaster Step Stool. The step stool was purchased from Harbor Freight in 2016. Plaintiffs used the step stool to enter and exit their travel

---

[1] Plaintiffs' response argues summary judgment is inappropriate because "Plaintiffs cannot present essential facts to justify their position due to Defendant's obstructionist delay tactics" and states Plaintiffs are "entitled to more information and more time to respond . . . ." (Doc. 57, p. 4). Plaintiff have not filed a motion to compel or a motion to extend any deadlines. Defendant's motions were filed within the timeframe set forth in the Court's fifth amended scheduling order (Doc. 44). Discovery ended on July 12, 2021, and if Plaintiffs believed an extension was needed, a motion to extend would have been the appropriate avenue.

1

trailer. On July 6, 2016, Ms. Bury fell from the step stool and was injured while using the step stool to exit the travel trailer. Plaintiffs initially brought suit against Harbor Freight in the Crawford County Circuit Court and alleged claims for products liability, negligence, and breach of warranty. Mr. Bury asserted a claim for loss of consortium. On October 2, 2019, Harbor Freight removed the action to this Court.

During discovery, Plaintiffs identified Victor Holloman as an expert witness to provide testimony on the alleged step stool defects. Harbor Freight argues the Court should strike Mr. Holloman's report because the report fails to demonstrate Mr. Holloman's opinions are based on sufficient facts, are the product of reliable principles or methods, and Mr. Hollman has not reliably applied any principles or methods. Harbor Freight's motion for summary judgment argues that summary judgment in Harbor Freight's favor is appropriate because Plaintiffs cannot establish a prima facie case if the Court excludes Mr. Hollman's testimony.[2]

## II. Analysis

### A. Motion to Strike

Rule 702 of the Federal Rules of Evidence states "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion . . . ." Fed. R. Evid. 702. The Court must determine if the testimony is reliable and relevant, and

> [t]o satisfy the reliability requirement, the party offering the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically

---

[2] The Court would note the multifarious filings in this case reveal a failure of the parties to comply with Rule 1 of the Federal Rules of Civil Procedure which provides the rules should be "construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." (emphasis added). Although the COVID-19 pandemic caused delays out of the parties' control and necessitated multiple amended scheduling orders, the number of discovery disputes and motion practice throughout the litigation demonstrates an unwillingness to secure the just, speedy, and inexpensive determination of the action.

valid. To satisfy the relevance requirement, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue. *Thomas v. FCA US LLC*, 242 F. Supp. 3d 819, 822-23 (8th Cir. 2017) (citations and quotations omitted). "The primary concern of Rule 702 is the underlying principles and methodology utilized by the expert, rather than the expert's conclusions." *Id.* at 823 (citing *Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 625 (8th Cir. 2012)). The court looks at "(1) whether the theory or technique can be tested, (2) whether the theory or technique has been subject to peer review and publication, (3) the known or potential rate of error, and (4) whether it is accepted in the relevant discipline." *Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 625 (8th Cir. 2012). "The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury." *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (internal quotations omitted).

Here, there is no real dispute that Mr. Holloman is qualified to render an expert opinion. Mr. Holloman's expert report and CV demonstrate he is a registered professional engineer with thirty-five years of experience and education in structural analysis. However, the Court finds Mr. Holloman's testimony cannot be admitted because Plaintiffs fail to demonstrate Mr. Holloman's report communicates an opinion that is either relevant or reliable. Mr. Holloman's report states

> The rated loading capacity of the stool is 350 lbs. Testing of an exemplar stepstool by the undersigned engineer demonstrated the stepstool could sustain a weight of over 340 lbs. This indicates the design of the step stool for a distributed load (the weight of the person is evenly distributed around the center of the platform) is appropriate for its use. If the load, however, is initially on one of the quadrants of the platform as when a person initially steps on the stool, and the leg dimensions are not symmetrical such that dimension "A" on the left end differs from dimension "E" on the left end by an amount that generates an imbalance that results in a sufficient moment force to tip over the stool. A moment force is a torque or twisting of an object when the applied load is not directly along a structure which would be the case due to dimensions "A" and "E" as shown above. *If the cross member supports were stiffer, the bending and subsequent imbalance would not have occurred. Therefore, the structural failure of the stepstool owned by Ms. Bury indicates the failure is due to a material failure.*

3

(Doc. 51-3, pp. 7-8) (emphasis added).

Mr. Holloman does not explain how he tested the stepstool to determine that stiffer cross member supports would have prevented the failure, nor does he explain the principles or methodology that led him to determine that the failure was due to a material defect.  If the failure was due to a material failure, an analysis of the material and/or an explanation of how the material failed is necessary.  Plaintiffs argue Mr. Holloman tested the stepstool using his experience, taking measurements, researching relevant OSHA standards, and reviewing Ms. Bury's medical records.  Although Mr. Hollman may have used this information, the report lacks any information from which the Court could determine the opinion is based on valid principles or methodology, rather than just an appeal to Mr. Holloman's authority as a qualified expert.  There is no explanation of the theory or technique used, whether the theory or technique has been subjected to peer review and testing, the known rate of error, or if the technique is generally accepted.  Because the report omits methodology, Plaintiffs cannot show the opinion communicated in the report is reliable and they cannot show the methodology or reasoning was properly applied to the facts.

Harbor Freight's motion to exclude will be granted insofar as Mr. Holloman's report and testimony will be excluded.  The Court will not strike the report from the record, however, as striking is contemplated by the Federal Rules of Civil Procedure as a remedy only for "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and even then, only for when that material appears in a pleading. Fed. R. Civ. P. 12(f).  Mr. Holloman's report is not a "pleading."  Fed. R. Civ. P. 7(a).  Harbor Freight fails to demonstrate that Mr. Holloman's report and testimony are the sort of material for which the heavy-handed remedy of striking them from the record of these proceedings might be appropriate.

### B. Summary Judgment

On a motion for summary judgment, the Court views the record in the light most favorable to the nonmoving party and grants all reasonable factual inferences in the nonmovant's favor, and only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016). The nonmovant may not rely only on allegations in the pleadings, but must identify specific and supported facts that will raise a genuine and material issue for trial. *Ryan v. Cap. Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012) (quoting *Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 111 F.3d 1386, 1393 (8th Cir. 1997)). Facts are material when they can "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes are genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Arguments that facts can be established or genuine disputes of fact exist must be supported by citation to admissible evidence. Fed. R. Civ. P. 56(c)(1)(B). "While the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Haggenmiller*, 837 F.3d at 884 (quotations omitted).

"Generally speaking, there are three varieties of product defects: manufacturing defects, design defects, and inadequate warning." *Dancy v. Hyster Co.*, 127 F.3d 649, 653 (8th Cir. 1997) (citing *West v. Searle & Co.*, 806 S.W.2d 608, 610 (Ark. 1991)). To succeed on a strict products liability claim, a plaintiff must show "(1) damages; (2) proof that [defendant] was a manufacturer of the product; (3) proof that the product was supplied in a defective condition that rendered it unreasonably dangerous; and (4) proof that the defective condition was a proximate cause of the

5

damages." *Mason v. Mitcham*, 382 S.W.3d 717, 719 (Ark. App. 2011) (citing AMI Civil 1008; *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 653 S.W.2d 128, 131-32 (Ark. 1983)). "[B]reach of warranty and strict products liability claims are 'essentially the same' insofar as both require a product defect attributable to the defendant." *Madden v. Mercedes-Benz USA, Inc.*, 481 S.W.3d 455, 460 (Ark. App. 2016) (citing *Higgins v. General Motors Corp.*, 699 S.W.2d 741, 743 (Ark. 1985)). "Arkansas law does not require expert testimony in all product liability cases." *Dancy*, 127 F.3d at 653. "Proof of a specific defect is not required when common experience teaches the accident would not have occurred in the absence of a defect." *Id.* (citations and alterations omitted). A product is not defective merely because an accident occurred, and when a plaintiff lacks direct proof of a defect the plaintiff "must raise a reasonable inference that the injury was caused by a defective product by negating all other possible causes." *See* Howard W. Brill & Christian H. Brill, Arkansas Law of Damages, § 33:14.

Defendant argues summary judgment is appropriate on Ms. Bury's products liability claims because Ms. Bury cannot demonstrate the step stool was defective. The Court agrees. Without the testimony of Mr. Holloman, no reasonable juror would find a defect existed or the defect was unreasonably dangerous because that conclusion could be only speculative. Although expert testimony is not required where other possible causes for an accident can be discounted, Ms. Bury has offered no argument or evidence negating all other possible causes. Summary judgment will be entered in Harbor Freight's favor on Ms. Bury's claims.[3] Mr. Bury's loss of consortium claim

---

[3] Plaintiffs' complaint asserts claims for "Products Liability—Negligence as Manufacturer," "Products Liability—Negligence as Supplier/Seller," and "Products Liability—Negligence as Trademark Owner." However, the substance of Plaintiffs' response to Defendant's summary judgment motion demonstrates Plaintiff Patsy Bury intended to assert strict products liability claims. Even if Ms. Bury was maintaining negligence claims, summary judgment in Defendant's favor would be appropriate because no reasonably juror could find a defect existed to proximately cause the claimed damages. *See Williams v. Smart Chevrolet Co.*, 730 S.W.2d 479,

will be dismissed because it is derivative of Ms. Bury's products claims. *See Sisemore v. Neal*, 367 S.W.2d 417, 418 (explaining loss of consortium claim is derivative and should be dismissed if injured spouse's claim is dismissed).

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 51) to strike export report and exclude testimony of Plaintiff's expert is GRANTED IN PART, to the extent that Mr. Holloman's report and testimony are excluded from admissibility at trial.

IT IS FURTHER ORDERED that Defendant's motion (Doc. 52) for summary judgment is GRANTED. Plaintiffs' case is DISMISSED WITH PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 26th day of August, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

481 (Ark. 1987) (finding plaintiff's negligence claim failed when plaintiff did not negate all possibilities that defendant's action was the proximate cause of the event).